IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | 2:12-CR-804 |
| | § | 2:15-CV-497 |
| JEFFREY TODD HOWARD, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant/Movant Jeffrey Todd Howard filed a motion to reconsider in which he argues that the Court's judgment of conviction is void and he moves the Court to vacate its denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 74.

### I. BACKGROUND

The Court's previous Memorandum Opinion & Order and Final Judgment were entered on October 13, 2016. D.E. 72, 73. Howard's present motion was mailed on October 31, 2016, according to his Certificate of Service and is timely. *See* FED. R. CIV. P. 59(e).

Howard was convicted of enticement and coercion of a minor pursuant to 18 U.S.C. § 2422(b) as a result of his online solicitation of a woman to provide her minor daughters for sex. Howard did not know the woman was a Corpus Christi Police Officer who did not have daughters. The two engaged in weeks of online sex talk regarding the minor girls, but Howard never visited Corpus Christi, Texas. He was in California. Howard was convicted after a bench trial in the Southern District of Texas – Corpus Christi Division and sentenced to 10 years' imprisonment.

1

Howard appealed his conviction, but the Fifth Circuit affirmed the judgment. Howard filed a timely § 2255 motion in which he raised multiple claims, including a challenge to this Court's jurisdiction over him and to venue, and claimed counsel was ineffective based in part upon counsel's failure to challenge jurisdiction and venue.

## II. MOVANT'S CLAIMS

Howard now argues that the record establishes that his judgment of conviction is void because it was not rendered by a court of competent jurisdiction and that the United States Attorney for the Southern District of Texas did not have authority to prosecute him because his crime (if any) took place in California. Howard also argues that the Court procedurally erred by finding that limitations barred some of the arguments raised in his supplemental motion.

## III. ANALYSIS

### A. Rule 59(e)

Howard's motion for reconsideration is a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to federal habeas petitions "only to the extent that [they are] not inconsistent with applicable federal statues and rules." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts (2016).

To prevail on a Rule 59(e) motion, the movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must

present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

In some instances, a defendant bringing a Rule 59(e) motion may run afoul of the prohibition on second or successive motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2254); *Williams v. Thaler*, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) (finding 59(e) claim to be second or successive). It is only when a Rule 60 or 59(e) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Gonzalez*, 524 U.S. at 532; *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) ("Where a . . . motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion.").

Howard claims that the Court made manifest errors of procedure and law. His argument that the Court procedurally erred by applying limitations to claims in his supplemental motion is not second or successive, but his claims that improper venue voids his conviction and that the U.S. Attorney for the Southern District of Texas did not have authority to prosecute him are substantive and are therefore second or successive claims.

### B. Procedural Claim on Limitations

Howard's claim that the Court erred procedurally is cognizable pursuant to Rule 59(e). He argues that his supplement was an attempt to rebut the government's indictment and should

have been allowed. To the extent that his supplemental claims related back to his original claims, the Court addressed them on their merits. The Court found that the following claims of ineffective assistance of counsel did not relate back and were barred by limitations: (1) counsel's failure to move for acquittal after the verdict, (2) counsel's failure to file a motion to suppress, and (3) counsel's failure to make trial objections.

### 1. Counsel's failure to file trial objections

Even if the Court made an error of law regarding these claims, Howard was not harmed because the claims also fail on the merits. Counsel's failure to move for judgment of acquittal post-verdict did not preclude review of the sufficiency of the evidence to support his conviction on appeal. The Fifth Circuit addressed sufficiency of the evidence on the merits. Howard's failure to prove prejudice from counsel's failure is fatal to his claim of ineffective assistance on this ground, even if the claim was not barred by limitations. *See Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Howard's argument that counsel should have objected to trial evidence is factually mistaken because counsel did object to various government trial exhibits; some of the objections were sustained, while others were not. D.E. 55, pp. 103, 119. Moreover, "[i]n bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions." *Williams v. Illinois*, 132 S.Ct. 2221, 2235 (2012) (quoting *Harris v. Rivera*, 454 U.S. 339, 346 (1981) (per curiam)).

### 2. Counsel's failure to file a motion to suppress

Howard argues that counsel should have filed a motion to suppress evidence from Howard's cell phone. The record reveals that at the time of Howard's arrest in California in July 2012, agents examined his cell phone and discovered thousands of files and videos, including adult and child pornography. D.E. 55, pp. 97–99. In 2012, the Fifth Circuit permitted officers to search an arrestee's cell phone incident to arrest. *See United States v. Rodriguez*, 702 F.3d 206, 209-10 (2012) (warrantless search of arrestee's cell phone permissible incident to arrest); *United States v. Curtis*, 635 F.3d 704, 712 (2011).[1] The Supreme Court did not decide that a warrant was required to search an arrestee's cell phone until 2014 in *Riley v. California*, 134 S.Ct. 2473, 2485 (2014). Counsel's decision not to file a motion to suppress was reasonable under the state of the law at the time. No ineffective assistance is shown. *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009) ("We have held that counsel is not ineffective for failing to raise a claim that courts in the controlling jurisdiction have repeatedly rejected.").

### C. Second or Successive § 2255 Motion

In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by

---

1. In *United States v. Finley*, [477 F.3d 250 (2007),] we held that the police can search the contents of an arrestee's cell phone incident to a valid arrest. In *Finley*, the police arrested the defendant after a reverse-sting drug sale. They searched his person following the arrest and seized a cell phone they found in his pocket. The police then transported the defendant to a different location for questioning. During the questioning, the arresting officer scrolled through the text messages on the defendant's phone. The officer discovered some incriminating text messages that were admitted against the defendant at trial. We concluded that the search of the cell phone's contents was incident to the defendant's arrest and affirmed the decision not to suppress the text messages. The Fourth, Seventh, and Tenth Circuits have reached the same conclusion on similar facts.

*Id*.

>clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Howard's motion does not indicate that he has sought or obtained such permission. Until he does so, this Court does not have jurisdiction over any claim that could have been brought in his first § 2255 motion.

Howard's Rule 59(e) motion rearguing his claim of improper venue is denied as second or successive. *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

## IV.     CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Howard has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Howard cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the foregoing reasons, Howard's motion (D.E. 74) is **DENIED**. He is also **DENIED** a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 22nd day of November, 2016.

									_____
									JOHN D. RAINEY
									SENIOR U.S. DISTRICT JUDGE